

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,910-01

### EX PARTE TANDRA LEE LAGARE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 11362-A IN THE 63RD DISTRICT COURT FROM VAL VERDE COUNTY

*Per curiam*.

## O R D E R

Applicant was charged with capital murder for the 2008 killing of Rogelio Sotelo during the course of attempting to commit and committing robbery. Applicant was alleged to have acted with a co-defendant, Jonathan Richter. The State indicated that it would pursue the death penalty in this case. In 2012, Applicant pleaded guilty to the lesser offense of murder in exchange for a sixty-year sentence. She did not appeal her conviction. Approximately one year after Applicant's plea, Richter pleaded guilty to murder in exchange for a forty-five year sentence.

Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. In this application, Applicant alleges that her sixty-year sentence violates due process and equal protection

in light of her co-defendant, who Applicant now alleges was more culpable in the killing of the victim, receiving a forty-five year sentence. Applicant also alleges that her guilty plea was not knowingly and voluntarily entered because the trial prosecutor was not forthcoming with evidence, limited the defense's access to evidence, and refused to provide adequate information to the defense. Applicant does not allege that the prosecutor withheld favorable or exculpatory evidence from the defense, but rather that the prosecutor delayed in disclosing evidence supporting the State's case until a firm trial date was set, which did not occur because Applicant elected to plead guilty rather than going to trial.

The trial court conducted a habeas hearing and heard testimony from Applicant's trial counsel and a defense investigator. After hearing evidence and arguments, the trial court made findings of fact and conclusions of law, recommending that Applicant's sentence be vacated and this cause be remanded for a new sentencing hearing to allow Applicant to be sentenced to imprisonment for forty-five years, the same sentence received by her co-defendant Jonathan Richter. The trial court's conclusions of law and recommendation are not supported by the law or the evidence. Applicant makes no showing that her sixty-year sentence constitutes a denial of equal protection in light of her co-defendant's forty-five year sentence. Nor does she show that her guilty plea was unknowingly or involuntarily entered. *See Brady v. United States*, 397 U.S. 742, 757, 90 S. Ct. 1463, 1473 (1970) ("The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.") *Brady v. United States*, 397 U.S. 742, 757, 90 S. Ct.

1463, 1473 (1970). Based on this Court's independent review of the entire record, relief is denied.

Filed: April 1, 2020
Do not publish